49 F.3d 673
 David James FRATUS, Plaintiff-Appellant,
v.
Gary W. DELAND, individually; O. Lane McCotter,
individually; L.E. Hines, individually; R. Spencer
Robinson, individually; M. Eldon Barnes, individually; and
Scott Carver, individually and pursuant to their respective
capacity as an employee of the Utah Department of
Corrections during the time of the allegations made herein,
Defendants-Appellees.
 No. 94-4194.
 United States Court of Appeals,
Tenth Circuit.
 March 7, 1995.
 
 David Fratus, pro se.
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 SEYMOUR, Chief Judge.
 
 
 1
 David Fratus filed this pro se action under 42 U.S.C. Sec. 1983, alleging that the Utah State Prison (USP) violated his Eighth Amendment and Fourteenth Amendment rights by overcharging him for damage he caused to windows and a television. Mr. Fratus also alleges that the issuance of a restitution order at a hearing where he was not present and at a time when he was mentally incompetent violated his due process rights. Upon the magistrate's recommendation, the district court dismissed Mr. Fratus' action as time-barred. Mr. Fratus appeals, and we reverse.
 
 I.
 
 2
 Mr. Fratus broke several windows and damaged a television at the USP on November 20, 1988, and his complaint stems from this incident. Mr. Fratus claims that he was "seriously mentally ill" at the time of this incident. Rec., vol. I, doc. 9 at 2. The USP, in conjunction with the Utah Department of Corrections, held a disciplinary hearing on November 30 to review the damage and assess restitution. Mr. Fratus was not present, and he claims that he was "too delusional and mentally ill to attend the hearing." Id. On January 4, 1989, the USP entered a restitution order of $8,412.00 against Mr. Fratus.
 
 
 3
 From November 20, 1988 to September 21, 1989, Mr. Fratus was confined in a 24-hour lockdown cell where he had minimal verbal contact with other prisoners. On September 21, the USP transferred Mr. Fratus to the Utah State Hospital for psychological treatment. He remained at the hospital until February 20, 1990.
 
 
 4
 According to his Objections to the Magistrate's Report and Recommendations, Mr. Fratus discovered in December 1990, upon speaking with a prisoner who had recently been transferred to his housing section, that he may have been arbitrarily overcharged for the damage which is the subject of this action. Id. at 3; see also Rec., vol. I, doc. 2, exs. H, I, J. Mr. Fratus then collected restitution orders from other inmates that revealed a wide divergence in charges for broken windows, ranging from $326,521 to $44.64. Id., exs. A-P.[1] Mr. Fratus alleges the windows he broke were identical in size, age, and location to windows three other prisoners broke; the USP nonetheless assessed restitution charges which varied dramatically. Rec., vol. I, doc. 9 at 4-5.
 
 
 5
 Mr. Fratus filed his section 1983 complaint on April 28, 1994, alleging (1) the USP's practice of arbitrarily overcharging prisoners for damage to prison facilities, specifically windows, violated his Fourteenth Amendment rights to due process and equal protection, as well as his Eighth Amendment right to be free from cruel and unusual punishment; and (2) the USP denied him his Fourteenth Amendment due process rights by holding the disciplinary hearing outside his presence and during a time when he was deemed mentally incompetent. The magistrate recommended that both claims be dismissed under 28 U.S.C. Sec. 1915(d) as barred by the applicable four year statute of limitations, Utah Code Ann. Sec. 78-12-25. Mr. Fratus responded to this recommendation, asserting among other things that the statute of limitations should be tolled from November 1988 to November 1991 because he was mentally incompetent. Id. at 5.
 
 
 6
 In adopting the magistrate's recommendation to dismiss the complaint as frivolous under section 1915(d), the district court found that "[t]he submitted letters and the fact that the plaintiff was institutionalized give prima facie proof that he would be mentally incompetent for purposes of Sec. 78-12-36 for periods of time between January 1, 1989 and February 20, 1990." Rec., vol. I, doc. 10, at 2-3. However, the district court found that "the plaintiff's statement alone is insufficient evidence to prove that, after February 20, 1990, his mental illness was of such a nature to make him mentally incompetent." Id. at 2. The district court concluded that Mr. Fratus' claim, filed April 28, 1994, remained time-barred because the statute of limitations, if tolled, began running on February 20, 1990 at the latest, and Mr. Fratus filed his complaint more than four years thereafter.
 
 II.
 
 7
 We review frivolousness determinations under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-35, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). A district court may deem an in forma pauperis complaint frivolous only if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). Section 1915(d) dismissal is appropriate for a "claim based on an indisputably meritless legal theory." Id. at 327, 109 S.Ct. at 1833. In contemplating dismissal under section 1915(d), the district court may consider affirmative defenses sua sponte only when the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed." Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir.1987).
 
 
 8
 In other words, the Sec. 1915(d) frivolous determination, frequently made sua sponte before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts.... Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, stranger than fiction."
 
 
 9
 Denton, 504 U.S. at 32-33, 112 S.Ct. at 1733-34 (quoting Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977)). We hold that the district court improperly dismissed Mr. Fratus' complaint by raising sua sponte a statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts.
 
 
 10
 By dismissing Mr. Fratus' claim for failure to file within the statute of limitations, the district court raised sua sponte an affirmative defense. See United States v. Gallup, 812 F.2d 1271, 1280 (10th Cir.1987). For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions. See Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). We recently held that Utah's four-year residual statute of limitations, Utah Code Ann. Sec. 78-12-25(3), governs suits brought under section 1983. Arnold v. Duchesne County, 26 F.3d 982 (10th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 721, 130 L.Ed.2d 626 (1995). This four-year statute of limitations may be tolled if the plaintiff is mentally incompetent at the time the cause of action accrues.[2] Utah Code Ann. Secs. 78-12-36, 78-12-42.
 
 
 11
 From the face of Mr. Fratus' complaint, it is unclear how long the statute of limitations should be tolled. Relying on three letters that Mr. Fratus attached to his complaint, the district court held that the statute of limitations should be tolled from January 1, 1989 to February 20, 1990 due to Mr. Fratus' mental incompetence. However, Mr. Fratus alleged that he was mentally ill through November 1991 and stated that numerous medical reports would establish his mental condition during that time. If true, this would squarely place his cause of action within the four year statute of limitations. The district court disregarded this allegation because "plaintiff's statement alone is insufficient to prove that, after February 20, 1990, his mental illness was of such a nature to make him mentally incompetent." Rec., vol. I, doc. 10 at 2. The district court erred in so doing because Mr. Fratus need not prove the validity of the factual allegations in his initial pleadings. While it is certainly possible that the statute of limitations should be tolled only through February 20, 1990, this fact is not patently clear from the face of Mr. Fratus' pro se pleadings, pleadings which we must construe liberally. Jones v. Cowley, 28 F.3d 1067, 2069 (10th Cir.1994). Whether the statute of limitations should be tolled until February 20, 1990 or beyond is clearly a fact question which the district court improperly resolved during its frivolousness determination. See Denton, 504 U.S. at 31-33, 112 S.Ct. at 1733 (section 1915(d) determination cannot serve as factfinding process).
 
 
 12
 Furthermore, it is unclear when one of Mr. Fratus' causes of action accrued. While state law governs limitations and tolling issues, federal law determines the accrual of section 1983 claims. Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir.1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Blumberg v. HCA Management Co., 848 F.2d 642, 645 (5th Cir.1988); see also Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991).
 
 
 13
 Mr. Fratus argues that the USP violated the Equal Protection Clause of the Fourteenth Amendment by arbitrarily charging him more than it charged similarly situated prisoners for similar damage. He documents this allegation with numerous affidavits and restitution orders. Comparison of restitution charges thus lies at the heart of Mr. Fratus' cause of action. Consequently, his equal protection claim did not necessarily accrue on Jan. 4, 1989, when the prison delivered the restitution order to Mr. Fratus; it may have accrued at some later date when Mr. Fratus learned, or should have learned, that the prison arbitrarily charged him more than other prisoners for similar damage. This is clearly a fact question that the district court prematurely decided in the course of section 1915(d) dismissal. In Mr. Fratus' response to the magistrate's findings and recommendations, he claims that he did not learn of the USP's disparate charging practices until December 1990. Rec., vol. I, doc. 9, at 3. If true, Mr. Fratus' equal protection claim may not have accrued until that time and therefore would fall within the four-year statute of limitations. But the veracity of this scenario is not for us to decide; nor was it appropriate for the district court to decide through its section 1915(d) dismissal. Accrual, like tolling, is a fact-laden issue in the instant case. Given the uncertainty regarding the timing of accrual, it is impossible at this stage of the proceedings to place the claim definitively inside or outside of the statute of limitations.
 
 
 14
 Section 1915 dismissal on the basis of an affirmative defense which the district court raises sua sponte is reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense. This is not such an instance. Due to outstanding fact issues regarding Mr. Fratus' mental incompetence, the district court could not know with certainty how long the statute of limitations should be tolled. The factual difficulty in pinpointing when the equal protection claim accrued and, concomitantly, the appropriate four-year window of viability, magnifies the impropriety of the district court's section 1915(d) dismissal.
 
 
 15
 We hold that the district court abused its discretion in dismissing Mr. Fratus' claim as frivolous. We therefore REVERSE and REMAND to the district court for further proceedings in light of this opinion.
 
 
 
 [1]
 The state courts have reduced some of these excessive restitution orders. See, e.g., Rec., vol. I, doc. 2, ex. O
 
 
 [2]
 A plaintiff is mentally incompetent for purposes of Sec. 78-12-36 when incapable of comprehending his or her legal rights, caring for his or her personal safety and providing for basic human needs such as food, shelter, and clothing. Olsen v. Hooley, 865 P.2d 1345, 1347 (Utah 1993)