61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky O. WILLIAMS, Plaintiff-Appellant,
v.
THE CITY OF HASKELL, OKLAHOMA, INC., its supervisory
personnel; Wayne Stephens, Chief of Police,
Defendants-Appellees.
 No. 95-7022.
 United States Court of Appeals, Tenth Circuit.
 July 21, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT.[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ricky O. Williams appeals the district court's dismissal of his 42 U.S.C.1983 suit as barred by the applicable statute of limitations.
 
 
 3
 On October 24, 1989, Mr. Williams was arrested by a police officer who searched and seized his automobile in Haskell, Oklahoma. Mr. Williams was subsequently convicted of burglary and is currently incarcerated in Oklahoma.
 
 
 4
 On March 26, 1991, Mr. Williams filed a 1983 suit alleging unlawful search and seizure arising out of his October 24, 1989, arrest. He later filed a motion to dismiss the complaint without prejudice, which was granted on April 19, 1991. On April 7, 1994, Mr. Williams filed a second 1983 action raising the same allegations as before. The defendants moved to dismiss contending the action was barred by the applicable statute of limitations. The district court agreed and dismissed the action with prejudice.
 
 
 5
 Mr. Williams does not take issue with the district court's determination that the applicable statute of limitations has run on his civil rights suit.[2] Rather, he argues the statute should be tolled in recognition of the facts that (1) he is currently in custody, and thus his access to legal materials is restricted, and (2) his initial 1983 action was voluntarily dismissed on the advice of a legal research assistant at the prison facility.
 
 
 6
 "Limitations periods in 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules,' " Hardin v. Straub, 490 U.S. 536, 539 (1989) (quoting Board of Regents, University of New York v. Tomanio, 446 U.S. 478, 484 (1980)); Fratus v. Deland, 49 F.3d 673, 675 (10th Cir.1995), so long as those rules do not defeat the goals of 1983, Hardin, 490 U.S. at 539. "It is generally held that once a statute of limitations begins to run, in the absence of express statutory language, courts will not allow the tolling of the statute of limitations." 54 C.J.S. Limitations of Actions, 85, p. 120 (1987).
 
 
 7
 Mr. Williams has cited no authority that even arguably supports his position the statute of limitations should be tolled. Moreover, having reviewed Oklahoma's laws regarding the tolling of its statutes of limitations, it is clear to us that none of them provides for tolling based on the circumstances relied on by Mr. Williams.
 
 
 8
 Accordingly, we hold the district court properly dismissed Mr. Williams' 1983 suit on the ground it is barred by the statute of limitations.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In any event, having reviewed the district court's order, we find no error in its statute of limitations analysis