72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred BAKER, Plaintiff-Appellant
v.
T. Keith WILSON, District Court Judge for Seward County
Kansas, Defendant-Appellee.
 No. 95-3076.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has concluded unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Fred A. Baker brings this pro se action pursuant to 42 U.S.C.1983 against the defendant T. Keith Wilson, a state trial judge. Mr. Baker alleges that Judge Wilson violated his Fourth and Fourteenth Amendment rights by issuing an arrest and search warrant. He also seeks relief under the False Claims Act, 31 U.S.C. 3729-33, and requests the court to release him from confinement. The district court dismissed Mr. Baker's complaint as frivolous under 28 U.S.C.1915(d) and denied his request to proceed in forma pauperis on appeal.
 
 
 3
 We review the determination of frivolousness under Section 1915(d) for an abuse of discretion. Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir.1995). "A district court may deem an in forma pauperis complaint frivolous only if it lacks an arguable basis either in law or in fact.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).
 
 
 4
 We conclude that the district court did not abuse its discretion in dismissing Mr. Baker's complaint. Judges are entitled to immunity from liability for damages unless they act "in the clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)); see also Hunt v. Bennett, 17 F.3d 1263, 1266-67 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994). The issuance of search and arrest warrants is a function normally performed by a judge, and Judge Wilson is therefore entitled to absolute immunity. See Hunt, 17 F.3d at 1266.
 
 
 5
 Additionally, to the extent that Mr. Baker challenges the legality of his criminal conviction, he must proceed by filing a petition for a writ of habeas corpus, after exhausting his state court remedies. See Richards v. Bellmon, 941 F.2d 1015, 1018 (10th Cir.1991).
 
 
 6
 Accordingly, we DENY Mr. Baker's motion to proceed in forma pauperis on appeal. Further, we waive the filing fee and DISMISS the appeal because no rational argument can be made in support of Mr. Baker's claims.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)