**Filed 2/21/96**

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

———————————

| | |
|---|---|
| FAROUK MEHIO, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )    No. 95-4157 |
| | )  (D.C. No. 94-CV-1019) |
| JOHN GRABLER, UTAH HIGHWAY | )     (D. Utah) |
| PATROL, and STATE OF UTAH, | ) |
| | ) |
| Defendant-Appellee. | ) |

———————————

## ORDER AND JUDGMENT[*]

———————————

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

———————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Plaintiff Farouk Mehio filed a complaint against Utah Highway Patrol Officer John Graber, the Utah Highway Patrol, and the State of Utah pursuant to 42 U.S.C. §§ 1983 & 1985, alleging Officer Graber assaulted him on October 5, 1986. The district court granted defendants' motion to dismiss with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds (1) Mr. Mehio's claims

———————————

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 10th Cir. R. 36.3.

are barred by *res judicata* because he raised them in a prior state court action, (2) his claims are barred by the statute of limitations, (3) his claims against the Utah Highway Patrol and the State of Utah are barred by the Eleventh Amendment.

Mr. Mehio does not challenge the dismissal of his claims against the Utah Highway Patrol and the State of Utah, and we therefore affirm the district court's order as it relates to those defendants. Mr. Mehio does, however, contend the district court erred in dismissing his claims against Officer Graber. We disagree. Utah's four-year residual statute of limitations applies in this action. *Arnold v. Duchesne County*, 26 F.3d 982 (10th Cir. 1994), *cert. denied*, 115 S. Ct. 721 (1995). Mr. Mehio's claims accrued on October 5, 1986, but he did not file his federal complaint until October 17, 1994.

According to Mr. Mehio, the statute of limitations may have been tolled under Utah Code Ann. § 78-12-25(3) because Officer Graber may have left Utah at some point after the alleged assault. By its plain language, however, this statute applies only if the defendant is not in Utah when the cause of action accrued, and not if he is present at that time but later leaves Utah.

Mr. Mehio also contends the statute of limitations does not bar his claim for damages arising out of an alleged injury to his temporomandibular joint, which he asserts he did not discover until 1994. At the outset, we note Mr. Mehio did not mention this alleged injury in his federal complaint. Even if we disregard this omission, Mr. Mehio's contention remains unavailing. A claim under 42 U.S.C. § 1983 accrues when "facts that would support a cause of action are or should be apparent."

*Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citation and internal quotation marks omitted). Mr. Mehio's claim therefore accrued in October 1986. The mere fact he later allegedly discovered other injuries does not toll the statute of limitations.

Finally, Mr. Mehio offers a number of other reasons why it was error for the district court to conclude his claims are barred by the statute of limitations: (1) he "wanted to file the case in Federal Court prior to the running of the statute of limitations, but he was denied"; (2) he "was not represented at all times by counsel during the state court trial"; (3) "the judge, the defending attorney for the state, and [Mr. Mehio's] counsel were colluding at the time of the state court trial to prevent [Mr. Mehio] from having a fair trial"; and (4) he "could not afford a transcript to appeal the trial in the state court." Mr. Mehio offers no legal basis why these facts would toll the statute of limitations, and we see none.

We therefore find no fault with the district court's conclusion Mr. Mehio's claims are barred by the statute of limitations and affirm the dismissal. In light of this conclusion, we do not address the district court's conclusion his claims are barred by *res judicata*.

**AFFIRMED**.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge