**UNITED STATES COURT OF APPEALS**
**Filed 2/29/96**TENTH CIRCUIT

CHARLES L. FREDERICK,

      Plaintiff-Appellant,

v.

FRANK KEATING, EDWARD L. EVANS
STATE OF OKLAHOMA,

      Defendants-Appellees.

Case No. 95-6297

(D.C. Civ-95-1007-M)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

      Plaintiff-appellant Charles L. Frederick, a state prisoner appearing pro se and in forma pauperis, appeals from the district court's dismissal of his Section 1983 action, in which he claimed that defendant-appellee the Honorable Frank Keating, Governor of Oklahoma, violated Mr. Frederick's constitutional rights in enforcing the Oklahoma Prison Overcrowding Emergency Powers Act (the CAP law), Okla. Stat. tit. 57 §§ 570 et seq. Mr. Frederick contends that in designating only first time nonviolent offenders eligible for early release from prison, the Act

---

      [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

violates his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection of the laws, and seeks declaratory and injunctive relief to require Governor Keating to treat violent and nonviolent offenders equally for early release under the Act.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred for initial proceedings to a United States Magistrate Judge, who issued a recommendation that the complaint be dismissed as frivolous under 28 U.S.C. § 1915(d). The district court adopted this recommendation, ordering that the complaint be dismissed as frivolous. Subsequently, the district court denied a motion by Mr. Frederick to reconsider the order, and Mr. Frederick filed a timely notice of appeal from the district court's order. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

The issue on appeal, which we review for an abuse of discretion, see Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir. 1995), is whether the district court correctly applied 28 U.S.C. § 1915(d), which provides that the court may dismiss an action brought in forma pauperis "if satisfied that the action is frivolous . . . ." Section 1915(d) authorizes dismissal of "a claim based on an indisputably meritless legal theory," Neitzke v. Williams, 490 U.S. 319, 327 (1989), bearing in mind that a pro se litigant's pleadings should be construed liberally. See Reed v. Dunham, 893 F.2d 285, 286 (10th Cir. 1990) (per curiam).

Distilled to its essence, Mr. Frederick's claim is that treating nonviolent offenders differently from violent offenders violates the Fourteenth Amendment right to equal protection of the laws. Where a statute is alleged to violate equal protection, and where, as here, neither a

---

[1]After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

suspect class nor a fundamental right is at stake, the only issue is whether the statute rationally furthers a legitimate state purpose. See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 17 (1973). The CAP law was enacted as an attempt to alleviate prison overcrowding by allowing additional credits toward release to be granted to inmates who fall within its provisions. See Barnes v. State, 791 P.2d 101, 103 (Okla. Crim. App. 1990). It would be eminently rational for the Governor and Legislature to believe that violent offenders should not be eligible for early release because they present a greater threat to society than nonviolent prisoners.

Because the CAP law therefore rationally furthers a legitimate purpose, it does not, as a matter of law, violate the Equal Protection Clause. We hold that the legal theory on which Appellant's claim rests cannot be construed to have merit. We further hold that Appellant's claim under the Eighth Amendment is equally and indisputably without merit.

We therefore AFFIRM the district court's dismissal of Mr. Frederick's complaint and the district court's denial of his motion to reconsider the court's order. The mandate shall issue forthwith.


Entered for the Court,


Robert H. Henry
Circuit Judge


3