# UNITED STATES COURT OF APPEALS

<u>Filed 6/26/96</u>**TENTH CIRCUIT**

EDWARD LEE CLEMMONS,

     Plaintiff-Appellant,

v.

Case No. 95-3044

ROBERT KECKLER, Classification Staff
Chair, MICHAEL A. NELSON, Principal
Administrator-Warden, WILLIAM L.
CUMMINGS, SECRETARY OF
CORRECTIONS,

(D.C. No. 94-CV-3385)
(District of Kansas)

     Defendant-Appellee.

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Plaintiff Edward Lee Clemmons appeals the dismissal of his 42 U.S.C. § 1983

claims alleging due process and religious freedom violations by prison officials relating to

his administrative confinement.  After reviewingMr. Clemmons's complaint,  the district

court directed Mr. Clemmons to show cause why his action should not be dismissed.  The

---

    [*]     This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

court subsequently dismissed Mr. Clemmons's action pursuant to 28 U.S.C. § 1915(d) and denied his request to proceed in forma pauperis on appeal.

We grant Mr. Clemmons's motion to proceed in forma pauperis and consider the merits of the appeal. We review the district court's dismissal under 28 U.S.C. § 1915(d) for an abuse of discretion. See Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir. 1995). "A district court may deem an in forma pauperis complaint frivolous only if 'it lacks an arguable basis either in law or in fact.'" Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Mr. Clemmons's complaint first alleges that his rights under the Due Process Clause were violated when prison officials did not review his placement in administrative segregation within thirty days, as required by Kansas administrative regulations. According to Mr. Clemmons, his placement was reviewed on January 6, 1994 by an administrative segregation review board but was not reviewed again until February 18, 1994.

We find no abuse of discretion in the district court's dismissal of Mr. Clemmons' claim regarding the delay in the review of his placement in administrative segregation. Mr. Clemmons has alleged violations of state law, and "[t]here is no constitutional violation when state actors fail to meet their own regulations, so long as the minimum constitutional requirements have been met." Black v. Parke, 4 F.3d 442, 448 (6th Cir. 1993); see also Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir.), cert. denied, 116 S. Ct. 167

2

(1995); <u>Jones v. City and County of Denver</u>, 854 F.2d 1206, 1209 (10th Cir. 1988).

Mr. Clemmons also alleges that his placement in administrative segregation violated his rights under the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb, et seq. The district court noted that Mr. Clemmons has raised this issue in another case: <u>Clemmons v. Nelson</u>, No. 94-3357-DES (D. Kan.). <u>See</u> Rec. doc. 4 at 2. In his appellate brief, Mr. Clemmons has failed to explain why this issue cannot be adequately addressed in the pending case. Accordingly, we conclude that the district court also did not abuse its discretion in dismissing this claim.

The order of the district court dismissing Mr. Clemmons's complaint is therefore AFFIRMED.

Entered for the Court,

Robert Henry

3