# UNITED STATES COURT OF APPEALS

Filed 8/19/96TENTH CIRCUIT

JAMES EARL HILLIARD,

      Plaintiff-Appellant,

v.

DEPARTMENT OF CORRECTIONS,
GILBERT CANDELARIA, and
CENTRAL NEW MEXICO
CORRECTIONAL FACILITY,

      Defendants-Appellees.

Case No. 96-2080

(D.C. 96-CV-305)
(District of New Mexico)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Pro se plaintiff James Earl Hilliard, an inmate at the Central New Mexico

Correctional Facility in Los Lunas, New Mexico, appeals the dismissal of his 42 U.S.C. §

1983 claim. Mr. Hilliard alleges that he was denied medical treatment for hypertension

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and high blood pressure in violation of the Eighth Amendment prohibition against cruel and unusual punishment. The district court dismissed his complaint as frivolous under 28 U.S.C. § 1915(d).[1] We grant Mr. Hilliard's motion to proceed in forma pauperis, consider the merits of his appeal, and affirm for substantially the same reasons as those set forth in the district court's order.[2]

Mr. Hilliard alleges that he was denied entry to the infirmary by defendant Gilbert Candelaria, a correctional officer, despite the fact that he was suffering from hypertension and high blood pressure. Mr. Hilliard apparently met with a doctor on the compound and a nurse was consulted during the approximately seven-hour period during which he says medical treatment was denied. He claims that the delay in treating his condition "could have" caused stroke, heart attack, kidney disease or other health problems. Rec. vol. I, doc. 1, at 2.

We review the district court's determination of frivolousness under § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir. 1995). Under § 1915(d), an in forma pauperis complaint is frivolous only if "it lacks an arguable basis either in law or in fact." Neitzke

---

[1] Mr. Hilliard filed his complaint in the district court on March 12, 1996, and filed his notice of appeal on April 10, 1996. Because both of these events transpired prior to the April 26, 1996, enactment of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), we do not consider the applicability of the Act to this appeal.

[2] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

v. Williams, 490 U.S. 319, 325 (1989).

      The legal standard is clear for an Eighth Amendment claim that a prisoner has not received appropriate medical attention. The prisoner must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The district court correctly pointed out that deliberate indifference to serious medical needs may be "manifested by . . . denying or delaying access to medical care." Id. at 104-105. However, as the complaint states, Mr. Hilliard was in contact with a physician and a nurse and thus clearly had "access to medical personnel capable of evaluating the need for treatment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981).

      Accordingly, the district court's dismissal of Mr. Hilliard's complaint pursuant to 28 U.S.C. § 1915(d) is AFFIRMED.

      The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

3