**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES SYLVESTER BEDFORD,

      Plaintiff - Appellant,

v.

DAVID RIVERS,

      Defendant - Appellee.

No. 98-6389
(D.C. No. 98-CV-705)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

---

      Charles S. Bedford, a prisoner in the William S. Key Correction Center in

Fort Supply, Oklahoma, appeals the district court's dismissal without prejudice of

his 42 U.S.C. § 1983 suit against David Rivers, an officer with the Oklahoma City

Police Department. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

      Bedford raises one jurisdictional and one constitutional issue on appeal.

Adopting a magistrate's Report and Recommendation, the district court correctly

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

dismissed Bedford's claim that the Oklahoma County trial court lacked jurisdiction to try him, because the sole remedy for the challenge to his conviction is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed the claim without prejudice for failure to comply with local rules for the filing of habeas petitions and the requirements for the filing of fees. Bedford fails to argue why we should reverse the district court's dismissal, and leaves us unpersuaded as to the merits of this claim.

The district court, again adopting the magistrate's recommendation, found that Bedford's allegation that he suffered from an illegal search and seizure and was therefore eligible for both monetary damages and freedom from incarceration under 42 U.S.C. § 1983, was barred by the statute of limitations. As the court noted, the statute of limitations in a § 1983 action filed in Oklahoma is two years from the time the cause of action accrued. See Wilson v. Garcia, 471 U.S. 261, 279 (1985) (holding that the statute of limitations for § 1983 is based upon the applicable state law limitations for a private tort action); Okla. Stat. tit. 12, § 95 (establishing a two-year statute of limitations period for analogous tort actions).

In his appeal, Bedford seems to assume that a plaintiff in a § 1983 action enjoys the same tolling of time limitations as a habeas petitioner enjoys during the exhaustion of his direct criminal appeals in state court. This is incorrect. The running of the statute of limitations in a § 1983 action begins when the cause of

action accrues, when "facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995) (citation and internal quotations omitted). Because Bedford's bags were searched in September 1995 and he filed his action in May 1998, the district court correctly found his claims are barred by the statute of limitations.

**AFFIRMED.**

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge
