**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES D. WILKINS,

      Plaintiff - Appellant,

v.

DENNIS FRIES; JOHN JAY
WILLIAMS,

      Defendants - Appellees.

No. 00-7013
(D.C. No. 99-CV-102-B)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.


      Charles D. Wilkins, appearing pro se, appeals from the district court's

dismissal as untimely of his <u>Bivens</u> claims against defendants-appellees Assistant

United States Attorney Dennis A. Fries and appellant's former court-appointed

counsel John Jay Williams. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

     [*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

In February 1997, Wilkins, who is African-American, was tried by a jury in United States District Court for the Eastern District of Oklahoma and convicted of a cocaine-related criminal violation. During jury selection, Fries used a peremptory challenge to strike Beverly Taylor, the only African-American venireperson, citing as his reason the fact that she was a schoolteacher and it was his practice to exclude members of that profession. Subsequent to the conviction, it was learned that Fries had permitted non-minority schoolteachers to remain on juries in previous cases. On February 26, 1997, the court ordered that Wilkins be given a new trial, finding in light of that information that Fries's articulated reason for the peremptory strike was prextual and therefore unconstitutional under Batson v. Kentucky, 476 U.S. 79 (1986). The government thereupon moved to drop the charges against him, and the court dismissed the case.

On March 9, 1999, Wilkins filed a civil suit in the same federal district court, alleging that his constitutional rights were violated when Fries peremptorily struck venireperson Taylor from the jury and that Fries conspired with defendant-appellee Williams to deprive him of a fair and impartial trial as a result of the Batson violation. Construing Wilkins's pro-se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972), the court determined he had set forth a claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The court dismissed the suit as untimely, finding

it fell outside the applicable statute of limitations established in <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1522 (10th Cir. 1988), because pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 490 (1994), the cause of action had accrued on the date the district court had ordered a new trial in his criminal case. This appeal followed.

Like an action brought under 42 U.S.C. § 1983, a <u>Bivens</u> action as a general matter "is subject to the statute of limitations of the general personal injury statute in the state where the action arose." <u>Industrial Constructors Corp. v. United States Bureau of Reclamation</u>, 15 F.3d 963, 968 (10th Cir. 1994). In Oklahoma, that statute of limitations is two years. <u>See</u> <u>Meade</u>, 841 F.2d at 1522; <u>see also</u> Okla. Stat. Ann. tit. 12 § 95(3) (stating that "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated" must be brought within two years). Tolling of the statute of limitations is likewise governed by Oklahoma state law, <u>see</u> <u>Fratus v. Deland</u>, 49 F.3d 673, 675 (10th Cir. 1995), but "[f]ederal law, not state law, controls the issue of when a federal cause of action accrues," <u>Industrial Constructors Corp.</u>, 15 F.3d at 968-69 (citing <u>Baker v. Board of Regents of the State of Kan.</u>, 991 F.2d 628, 632 (10th Cir. 1993); <u>Newcomb v. Ingle</u>, 827 F.2d 675, 678 (10th Cir. 1987)).

As a general matter in a <u>Bivens</u> action, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action," i.e., "when he should have

discovered it through the exercise of reasonable diligence." Id. at 969 (citations omitted). But where, as here, the Bivens action is based on an "allegedly unconstitutional conviction . . . . or . . . other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the cause of action does not accrue until "the conviction or sentence has . . . been invalidated." Heck, 512 U.S. at 486-87. In the present case, Wilkins's conviction was invalidated based on the Batson violation when the court issued its order according him a new trial, and therefore the statute of limitations began to run on February 26, 1997.[1] He filed the present suit more than two years after that date, rendering the action untimely, see Meade, 841 F.2d at 1522, and we discern no grounds under Oklahoma law for the tolling of the two-year limitations period, see Resolution Trust Corp. v. Grant, 901 P.2d 807, 813 (Okla. 1995) (stating that under Oklahoma law the statute of limitations in tort cases is tolled until the injured party knows or in the exercise of reasonable diligence should have known of the injury). Wilkins's invocation of Heck, 512 U.S. at 494 (Souter, J.,

---

[1] This is not a case in which Heck precludes a Bivens claim "relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). We noted in Beck that "[s]uch claims arise at the time the charges are dismissed," id., and therefore that is the moment of accrual for statute of limitations purposes in such cases. In the present case, by contrast, the Batson violation underlying Wilkins's civil rights action only invalidated his first trial and does not bear on the validity of any subsequent trial.

concurring), for the proposition that the present cause of action did not accrue until the court granted the government's motion to dismiss the charges against him is therefore misplaced. The district court thus correctly dismissed Wilkins's suit as untimely. Because we so hold, we need not reach appellees' other arguments for dismissing the instant action.

The judgment of the district court is **AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge