**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES I. TIBBS,

     Plaintiff - Appellant,

v.

STATE OF TEXAS; CARL
GRIFFITH, in his individual and
official capacity; MITCH WOODS,
individual, and Sheriff, Jefferson
County Texas, official capacity; J. D.
SHARP, individual and official
capacity, Sheriff of Oklahoma County;
TOM MANESS, individual capacity
and Texas State D.A., Beaumont
Texas, official capacity; JUSTICE,
Officer, individual and official
capacity; CONNIE PATTERSON,
individual and official capacity,
Jefferson County Commissioner;
JIMMIE P. COKINOS, individual and
official capacity, Jefferson County
Commissioner; BEVERLY HODGES,
individual and official capacity,

     Defendants - Appellees.

No. 03-6102
(D.C. No. 03-CV-8-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges..[**]

Petitioner-Appellant James Ishmael Tibbs, an inmate appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 claims as time-barred under the applicable two-year limitation period. The district court dismissed the claims under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) as frivolous and counted the dismissal as a strike.

Mr. Tibbs was arrested in Oklahoma on August 29, 1992, and alleges that his removal to Texas and subsequent incarceration constitutes "kidnapping" in violation of his constitutional rights. He brought this action for monetary relief on January 2, 2003, naming the State of Texas and numerous Texas and Oklahoma officials. On appeal, Mr. Tibbs contends (in pertinent part) that the statute of limitations does not apply because kidnapping is a continuing violation and the limitation period will not begin to run until he is free. We affirm.

The applicable statute of limitations for a civil rights action in Oklahoma is two years. See Okla. Stat. Ann. tit. 12, § 95; Wilson v. Garcia, 471 U.S. 261, 275-76 (1985); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 962 n.2

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

(10th Cir. 1991). "While state law governs limitations and tolling issues, federal law determines the accrual of section 1983 claims." Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). A civil rights claim accrues when "'facts that would support a cause of action are or should be apparent.'" Id. (quoting Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 645 (5th Cir. 1988)). This action accrued when Mr. Tibbs was arrested in 1992 and transported to Texas, as the facts were apparent. Although it is unclear whether a continuing violation theory may be applied to § 1983 claims, see Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994), it is clear that Mr. Tibbs' arrest and transport to Texas are discrete acts for which a continuing violation theory would not apply. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-14 (2002); Davidson v. America Online, Inc., 337 F.3d 1179, 1184-85 (10th Cir. 2003).

We GRANT the motion to proceed in forma pauperis and AFFIRM the judgment of the district court. The motion for issuance of a certificate of appealability ("COA") is denied as a COA is not required for this appeal. Mr. Tibbs is reminded that he is obligated to continue making partial payments until the entire appellate filing fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 3 -