FILED
United States Court of Appeals
Tenth Circuit

July 16, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DUMISAI HASANI HOCKADAY,

     Plaintiff-Appellant,

v.

CORE CIVIC, in its official
capacity; JEFF VARNER, Contract
Worker/Case Manager (Core Civic
Employee) at Crowley Correctional
Facility, in his official and
individual capacities,

     Defendants-Appellees.

No. 18-1093
(D.C. No.1:18-CV-00396-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This appeal involves a claim brought under 42 U.S.C. § 1983, which

provides a cause of action for constitutional violations. Invoking § 1983,

Mr. Dumisai Hockaday alleged that the owner of a private prison and its

employee had committed a due-process violation by failing to arrange for

---

[*]    Oral argument would not materially aid our consideration of the
appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we
have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

participation in a judicial telephone conference. But the telephone conference had been cancelled. The resulting issue is whether a prison employee violates the right to due process by failing to arrange for participation in a judicial telephone conference that had already been cancelled. We conclude that the right to due process was not violated.

## I.      Standard of Review

The district court reached the same conclusion and dismissed the due-process claim as frivolous. When reviewing a dismissal for frivolousness, we apply the abuse-of-discretion standard. *Fratus v. Deland*, 49 F.3d 673, 674 (10th Cir. 1995). In reviewing the district court's exercise of discretion, we consider the underlying test for frivolousness. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II.      Due-Process Claim

A due-process violation would have taken place only if Mr. Hockaday's inability to participate in the telephone conference had hindered his prosecution of the earlier case. *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998). But Mr. Hockaday concedes that the court had cancelled the telephone conference before it was to take place. Because there was no telephone conference to participate in, the defendants did not hinder Mr. Hockaday's ability to pursue his prior litigation. In these

2

circumstances, the district court had discretion to dismiss the due-process claim as frivolous.[1]

## III. Leave to Proceed in Forma Pauperis

Though we affirm the dismissal, we grant leave to proceed in forma pauperis.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] The court cancelled the telephone conference at the defendants' request. On appeal, Mr. Hockaday contends that he should have had an opportunity to object to the defendants' request. But any such opportunity had to come from the court, and the court is not named as a party. The only defendants are the owner of the prison and one of its employees; these defendants had no way of forcing the court to permit objections to the defendants' request.