**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ELIAS HERRERA-ZAMORA,

      Plaintiff - Appellant,

v.

DAVID CROSBY; CITY AND
COUNTY OF DENVER; SHERIFF
DEPARTMENT JAIL FACILITIES;
NORMANDO ROBERTO PACHECO;
BARBARA SUZANNE SKALLA,

      Defendants - Appellees.

No. 19-1032
(D.C. No. 1:18-CV-01913-LTB)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Elias Herrera-Zamora, a federal prisoner proceeding *pro se*, appeals the dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In the complaint, filed on July 27, 2018, Herrera-Zamora alleged he was arrested by DEA officers without a valid arrest warrant and was then unlawfully incarcerated by the Denver County Sheriff's Department.

The district court dismissed Herrera-Zamora's complaint, concluding it was barred by the two-year Colorado statute of limitations applicable to tort actions. *See* Colo. Rev. Stat. § 13-80-102. The district court also concluded Herrera-Zamora failed to show entitlement to equitable tolling of the limitations period. Accordingly, the court dismissed the action as untimely under 28 U.S.C. § 1915(e)(2)(B)(i). We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations.[1] *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1323 (10th Cir. 2008). "We review the district court's refusal to apply equitable tolling for an abuse of discretion." *Garrett v. Fleming*, 362 F.3d 692, 695 (10th Cir. 2004).

In his appellate brief, Herrera-Zamora asserts the district court erred by applying Colorado law instead of federal law to determine the statute of

---

[1]The district court also denied the motion for reconsideration that Herrera-Zamora filed on December 3, 2018. Herrera-Zamora does not reference that order in his appellate brief and, thus, we do not review its denial.

limitations. It is well-settled, however, that "state law determines the appropriate statute of limitations and accompanying tolling provisions" for § 1983 and *Bivens* claims. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (§ 1983); *Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (*Bivens*). Federal law only controls the issue of when the federal cause of action accrued. *Fratus*, 49 F.3d at 675. Here, there is no dispute that the cause of action accrued on June 16, 2011, the day Herrera-Zamora was arrested by federal officers and incarcerated by the Denver County Sheriff's Department. There is also no dispute that Herrera-Zamora did not file his complaint until more than seven years later, on July 27, 2018. Accordingly, absent some basis for equitable tolling, the complaint was untimely under Colo. Rev. Stat. § 13-80-102.

Herrera-Zamora's appellate brief does not contain any reasoned explanation of why he is entitled to equitable tolling. Instead, he makes vague allegations that a miscarriage of justice will occur if his claims are not addressed on the merits. These arguments are insufficient to show entitlement to equitable tolling. Herrera-Zamora also implies that Defendants were obligated to come forward within the two-year limitations period and admit that they engaged in unconstitutional conduct. It is unclear whether this is an argument that Herrera-Zamora is entitled to equitable tolling because Defendants fraudulently concealed their conduct, but we will treat it as such. *See Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Although fraudulent concealment is a basis for equitable tolling, the plaintiff must show "(1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages." *First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1200 (Colo. 1987) (en banc). Herrera-Zamora cannot meet this burden because, by his own admission, he was fully aware of the facts giving rise to his claim on the date he was arrested and detained.

Having reviewed the record, Herrera-Zamora's appellate brief, and the applicable law, we conclude the dismissal of Herrera-Zamora's complaint was proper. Accordingly, finding no reversible error, we **affirm** the district court's dismissal of Herrera-Zamora's complaint for substantially the reasons stated in the district court's order dated October 19, 2018. In light of the district court's well-reasoned order and the absence of any coherent argument in Herrera-Zamora's appellate brief, this court concludes Herrera-Zamora's appeal is frivolous. Accordingly, his motion to proceed *in forma pauperis* is **denied** and

-4-

his appeal is **dismissed** under 28 U.S.C. § 1915(e)(2)(B). Herrera-Zamora is reminded of his responsibility to immediately remit any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge
