FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 13, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GREGORY CARL WIND, JR.,

      Plaintiff - Appellant,

v.

NATHAN COATS; JARED POLIS;
and DEAN WILLIAMS,

      Defendants - Appellees.

No. 22-1169
(D.C. No. 1:21-CV-03183-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Mr. Gregory Carl Wind is a state prisoner who's sued three state

officials based on a court rule adopted during the COVID-19 pandemic.

Colo. R. Crim. P. 24(c)(4) (July 22, 2020). The rule authorizes a court to

declare a mistrial when the court can't safely convene a jury because of a

public health crisis. *Id.* Mr. Wind complains that the rule allows trial

---

[*]    Oral argument would not help us decide the appeal, so we have decided
the appeal based on the record and the parties' briefs. *See* Fed. R. App. P.
34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel. But
the order and judgment may be cited for its persuasive value if otherwise
appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

delays in violation of the state constitution and a state statute. The federal district court summarily dismissed the suit as frivolous.

In reviewing the dismissal, we apply the abuse-of-discretion standard. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). In reviewing the district court's exercise of discretion, we consider the underlying standard for frivolousness. A suit is frivolous "if 'it lacks an arguable basis either in law or in fact.'" *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Applying these standards, we conclude that the district court acted within its discretion in deeming the suit frivolous.

Mr. Wind sued the three state officials in their personal and official capacities. The district court explained that the official-capacity claims triggered Eleventh Amendment immunity because they were, in effect, claims against the state itself. Mr. Wind doesn't address this explanation, and we agree with it. Our precedent is clear that state officials sued in their official capacities are entitled to immunity under the Eleventh Amendment. *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Eastwood v. Dep't of Corr. Okla.*, 846 F.2d 627, 631–32 (10th Cir. 1988).

We also agree with dismissal of the claims against the state officials in their personal capacities. These claims were asserted against the governor, director of the department of corrections, and chief justice of the state supreme court.

The district court concluded that the complaint hadn't identified any basis of personal participation by the governor or director of the department of corrections. Mr. Wind doesn't address this conclusion, and we see no error. The amended complaint contains no allegations tying either the governor or the director to the disputed rule. Instead, Mr. Wind says in the amended complaint that the governor and director were complicit. But he doesn't say how they were complicit in the adoption of the court rule. The rule itself says that it was adopted by the Colorado Supreme Court, and there's no reference in the rule to participation by the governor or director of the department of corrections.

Mr. Wind has also sued the chief justice of the state supreme court. But the chief justice enjoys absolute immunity for his role in adopting a court rule. *Sup. Ct. Va. v. Consumers Union U.S., Inc.*, 446 U.S. 719, 734 (1980).

Finally, Mr. Wind argues that he enjoys individual sovereignty. But he does not tie this argument to any of the claims in his complaint or to the district court's reasoning. So Mr. Wind's alleged sovereignty doesn't bear on the correctness of the district court's rulings.

Because Mr. Wind hasn't shown an abuse of discretion, we affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge