73 F.3d 374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Dee THOMAS, Plaintiff-Appellant,
v.
Frances M. PALACIOS, individually and in her official
capacity as Repealed-Court Commissioner, Defendant-Appellee.
 No. 95-4094.
 United States Court of Appeals, Tenth Circuit.
 Dec. 26, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 HENRY, Circuit Judge.
 
 
 1
 Plaintiff Richard Dee Thomas appeals the dismissal of his complaint under 28 U.S.C.1915(d). After examining the briefs -and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. For the reasons set forth below, we affirm the decision of the district court.
 
 
 2
 Mr. Thomas's pro se complaint alleges that his July 1993 arrest violated his Fourth, Eighth, and Fourteenth Amendment rights. He asserts that he was arrested under a warrant issued by the defendant Frances Palacios, a Utah circuit court commissioner. Mr. Thomas invokes the Utah Supreme Court's decision in Salt Lake City v. Ohms, 881 P.2d 844 (Utah 1994), which held that a state statute authorizing court commissioners to enter final judgments and impose sentences in misdemeanor cases violated certain provisions of the Utah Constitution. Id. at 851. Mr. Thomas maintains that Ohms establishes that Commissioner Palacios's issuance of the arrest warrant violated his rights under the United States Constitution. Mr. Thomas seeks damages, attorneys fees and costs, the "grant [of an] injunction," and a "release from unconstitutional imprisonment.' " Rec. vol. I, doc. 2.
 
 
 3
 The district court referred the case to a magistrate judge, who recommended dismissal of the complaint under section 1915(d), and then adopted the magistrate judge's recommendation. We review the district court's dismissal of a complaint under section 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir.1995). A complaint is frivolous under section 1915(d) "only if it lacks an arguable basis in either law or in fact.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).
 
 
 4
 For several reasons, we conclude that the district court did not abuse its discretion in dismissing Mr. Thomas's complaint. First, as the magistrate judge noted, Commissioner Palacios is entitled to absolute immunity from Mr. Thomas's claims for damages. Judges and individuals performing judicial and quasi-judicial functions are entitled to absolute immunity, see Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994); Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992), and the issuance of an arrest warrant constitutes a judicial function, see Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988) (court clerk who issued arrest warrant entitled to absolute immunity); Scott v. Dixon, 720 F.2d 1542, 1546-47 (11th Cir. en banc) (same), cert. denied, 469 U.S. 832 (1984). Although the doctrine of absolute immunity does not protect officials who act "in the clear absence of all jurisdiction,' " Hunt, 17 F.3d at 1266 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)), there is no indication that Commissioner Palacios acted in such a manner here. The issuance of arrest warrants by court commissioners is authorized by statutes not addressed in Ohms. See Utah Code Ann. 78-7-17.5(1)(c) (authorizing "magistrates" to issue warrants), 77-1-3(4) (defining "magistrate" to include court commissioners) (1995).
 
 
 5
 Mr. Thomas's claim for injunctive relief is also not supported by the applicable law. The Supreme Court has concluded that a municipal ordinance authorizing a municipal court clerk to issue an arrest warrant did not violate the Fourth Amendment. See Shadwick v. City of Tampa, 407 U.S. 345, 350 (1972) ("There has been no showing whatever here of partiality, or affiliation of these clerks with prosecutors or police."). Applying Shadwick, a number of courts have concluded that the issuance of arrest and search warrants by court personnel who are not judges does not violate the Fourth Amendment. See, e.g., United States v. Mitro, 880 F.2d 1480, 1485 (1st Cir.1989) ("That an assistant clerk rather than a state court judge issued the warrant did not violate the Constitution...."). The fact that the Utah Constitution, as interpreted in Ohms, does not allow court commissioners to enter final judgments and impose sentences does not indicate that the United States Constitution prohibits them from issuing arrest warrants.
 
 
 6
 Finally, the district court did not abuse its discretion in dismissing Mr. Thomas's claim for a release from imprisonment. The facts that he has alleged do not involve the violation of a constitutional right, and, as the magistrate judge observed, Mr. Thomas does not allege that he has exhausted his state remedies.
 
 
 7
 Accordingly, the district court's order dismissing Mr. Thomas's complaint under 28 U.S.C.1915(d) is AFFIRMED.[2]
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Mr. Thomas has filed several motions to supplement and correct the record. The materials offered by Mr. Thomas are not necessary to the consideration of the issues in this appeal. Accordingly, Mr. Thomas's motions are denied