F I L E D
United States Court of Appeals
Tenth Circuit

JAN 30 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RICHARD DEE THOMAS,

Petitioner-Appellant,

v.

STATE OF UTAH; FRANCES M.
PALACIOS; HENRY GALETKA,
Warden; UTAH STATE PRISON;
UTAH BOARD OF PARDONS,

Respondents-Appellees.

No. 97-4006
(D.C. No. 96-CV-575-W)
(D. Utah)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner Richard Dee Thomas appeals the district court's denial of his

petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241 and

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254.[1] Because petitioner has not shown that the issuance of an arrest warrant and a search warrant by a Utah court commissioner violated his federal constitutional rights, we affirm.

In July 1993, Utah circuit court commissioner Palacios issued an arrest warrant and a search warrant leading to petitioner's conviction for aggravated robbery. In August 1994, the Utah Supreme Court declared unconstitutional those portions of section 78-3-31 of the Utah Statutes which delegated "core judicial functions" to court commissioners, contrary to article VIII, section 8 of the Utah Constitution. See Salt Lake City v. Ohms, 881 P.2d 844, 851 (Utah 1994).

Petitioner appealed his conviction, arguing Commissioner Palacios' acts were unconstitutional. The Utah Court of Appeals rejected petitioner's argument on the grounds that Ohms' holding was prospective only and did not apply to the issuance of a search warrant. This appeal is currently pending before the Utah Supreme Court on certiorari review. Petitioner also filed a state court application for extraordinary relief which was dismissed as premature. The Utah Supreme Court affirmed the dismissal based on the availability of an adequate remedy in petitioner's direct appeal. See Appellee's Br., Addendum E.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

-2-

Petitioner brought a civil rights action against Commissioner Palacios in the federal district court, seeking damages, an injunction, and release from imprisonment. The district court dismissed the action under 28 U.S.C. § 1915(d), and we affirmed the dismissal in Thomas v. Palacios, No. 95-4094, 1995 WL 758970 (10th Cir. Dec. 26, 1995). Petitioner filed his current federal habeas petition in July 1996, alleging his conviction and sentence were unconstitutional because Commissioner Palacios lacked judicial authority to issue the arrest and search warrants. The district court denied the petition on the ground that the Ohms decision did not invalidate petitioner's conviction and sentence. This appeal followed.

We review de novo the district court's legal conclusions in dismissing a habeas petition. See Davis v. Executive Dir., Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996), cert. denied, 117 S. Ct. 1703 (1997). Petitioner argues the district court erred in failing to recognize that his conviction was unconstitutional because the Commissioner lacked judicial authority to issue the arrest and search warrants. Respondent argues that the dismissal may be affirmed either because petitioner failed to exhaust his state court remedies or because he failed to show the violation of a federal constitutional right.

Although it is clear that petitioner has not exhausted his claim, we choose to affirm the district court's decision on the merits. See 28 U.S.C. § 2254(2)

("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Granberry v. Greer, 481 U.S. 129, 135 (1987) (holding both state and federal interests will be furthered by an affirmance on the merits, despite the lack of exhaustion, "if it is perfectly clear that the applicant does not raise even a colorable federal claim").

Petitioner's claim fails because, as we noted in Thomas v. Palacios, he has not alleged the violation of a federal constitutional right. See 1995 WL 758970 at **2. The federal Constitution is not violated by issuance of an arrest warrant or a search warrant by a non-judge. See Shadwick v. City of Tampa, 407 U.S. 345, 348-50 (1972) (holding Constitution does not require arrest or search warrant to be issued by judge, so long as issuing party is "neutral and detached, and . . . capable of determining whether probable cause exists for the requested arrest or search"). Even if delegation of such functions contravened the Utah Constitution, therefore, it did not violate the federal Constitution, and petitioner is not entitled to relief in the form of a writ of habeas corpus.

Petitioner's outstanding motions, petitions, and emergency applications are DENIED and the judgment is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge