**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD DEE THOMAS,

      Plaintiff-Appellant,

v.

FRANCES M. PALACIOS,
individually and in her official
capacity as Repealed-Court
Commissioner,

      Defendant-Appellee.

No. 98-4196
(D.C. No. 95-CV-128)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff originally brought this 42 U.S.C. § 1983 action seeking relief on the basis that a search warrant issued by defendant was invalid because, as a court commissioner, she did not have authority to issue search warrants. Nearly three years after our affirmance of the district court's dismissal under 28 U.S.C. § 1915(d) of plaintiff's complaint, *see Thomas v. Palacios*, No. 95-4094, 1995 WL 758970 (10th Cir. Dec. 26, 1995), plaintiff filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking relief from the final judgment against him. Plaintiff bases his challenge to the judgment on the Utah Supreme Court's subsequent decision holding that defendant did not have authority to issue the warrant. *See State v. Thomas*, 961 P.2d 299 (Utah 1998). Adopting the report and recommendation of the magistrate judge, the district court denied plaintiff's motion on the bases that defendant was entitled to quasi-judicial immunity and that there had been no federal constitutional violation. Plaintiff appeals. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *See FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998).

We need address only the immunity issue to resolve this appeal. "As adjuncts of the court to which they are appointed, court commissioners are authorized to exercise certain functions to assist the court in the exercise of its core judicial powers." *Salt Lake City v. Ohms*, 881 P.2d 844, 851 n.17 (Utah

-2-

1994). Court employees whose acts are intertwined with the judicial process are entitled to "quasi-judicial" immunity, *see Valdez v. City & County of Denver*, 878 F.2d 1285, 1287 (10th Cir. 1989), unless acting in the clear absence of all jurisdiction or authority, *see Snell v. Tunnell*, 920 F.2d 673, 694 (10th Cir. 1990). Despite the Utah Supreme Court's subsequent ruling that defendant did not have the authority to issue warrants, defendant issued the warrant based on longstanding, previously accepted practice in Utah. She therefore clearly had a colorable basis of authority to issue the warrant, and is entitled to quasi-judicial immunity. *See id.* The district court correctly denied plaintiff's motion.

Also before the court is plaintiff's response to the court's August 19, 1999 order to show cause why the appeal should not be dismissed for failure to submit partial appellate filing fee payments after May 26, 1999. Plaintiff has a current balance due of $34.62. His argument that the Prison Litigation Reform Act does not apply to this appeal is without merit. *See Shabazz v. Parsons*, 127 F.3d 1246, 1247-48 (10th Cir. 1997) (PLRA applies to appeal even though the underlying complaint was filed before the statute's enactment date of April 26, 1996, so long as the notice of appeal was filed on or after that date). The notice of appeal in this matter was filed on November 17, 1998.

The judgment of the district court is AFFIRMED. All outstanding motions are DENIED. The mandate shall issue forthwith. Plaintiff shall resume periodic

monthly payments against the balance of the filing fee for this appeal until the total amount due is paid, with the next payment due on or before 30 days from the date of this order. Failure to make the required payments may result in the dismissal of any future appeals.

Entered for the Court


Bobby R. Baldock
Circuit Judge