FILED
United States Court of Appeals
Tenth Circuit

October 5, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD DEE THOMAS,

Plaintiff-Appellant,

v.

GEORGE VAUGHN; DON BELL;
RAY DALLING; RON HUNT; SALT
LAKE CITY,

Defendants-Appellees.

No. 06-4211
(D.C. No. 2:93-CV-925-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

This civil rights action brought under 42 U.S.C. § 1983 stems from the

arrest and conviction of Richard Dee Thomas for aggravated robbery.  The facts

are well known to the parties and need not be recited here.  Suffice it to say that

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the issues raised in this pro se appeal were rejected by the district court, which denied Mr. Thomas's motion for partial summary judgment and dismissed the complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

Mr. Thomas was arrested and convicted for the aggravated robbery of a fast-food restaurant and an ensuing stand-off at his nearby apartment. Following his surrender, police obtained a warrant issued by a court commissioner rather than a judge to search his apartment. The warrant was held invalid in subsequent state court proceedings, thus prompting Mr. Thomas to maintain a claim against the commissioner for unconstitutional search and seizure in violation of the Fourth Amendment. But recognizing that the commissioner was entitled to absolute judicial immunity because she acted with de facto authority and otherwise finding no Fourth Amendment violation, the district court dismissed the claim, and we affirmed. *See Thomas v. Palacios*, No. 98-4196, 1999 WL 710340 (10th Cir. Sept. 13, 1999) (unpublished); *see also Thomas v. Palacios*, No. 95-4094, 1995 WL 758970 (10th Cir. Dec. 26, 1995) (unpublished).

In this action, Mr. Thomas again asserted that the invalid warrant violated his Fourth Amendment rights. The district court, however, determined that Mr. Thomas was collaterally estopped from raising this issue because he "had a 'full and fair opportunity' to litigate the constitutionality of the warrant" in his

previous action against the commissioner. R. Doc. 83 at 12. We review the district court's application of collateral estoppel de novo, *Salguero v. City of Clovis*, 366 F.3d 1168, 1172 (10th Cir. 2004), and agree that the earlier disposition is binding. As the court explained, "[u]nder the doctrine of collateral estoppel, . . . 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" R. Doc. 83 at 11-12 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Because the Fourth Amendment issue had already been decided against Mr. Thomas, the district court correctly concluded that he was collaterally estopped from raising it again.

The court also correctly determined that defendants are entitled to qualified immunity on the initial warrantless entry. Observing that "the Fourth Amendment prohibition against unreasonable searches and seizures was well established at the time of this incident," the court nonetheless held that the exact contours of the exigent circumstances exception asserted by defendants "were sufficiently uncertain," and that "under such ambiguous circumstances[,] officers are entitled to qualified immunity so long as their mistake was reasonable." *Id.* at 23. Applying our precedent, the court determined that defendants' mistaken belief that exigent circumstances existed to enter the apartment was reasonable, and that they were therefore entitled to qualified immunity. *Id.* at 24. We agree with the court's assessment.

Finally, we also agree that Mr. Thomas' excessive force and municipal liability claims were properly dismissed under the PLRA, 28 U.S.C. § 1915(e)(2)(B). Mr. Thomas alleged only de minimus force used by the officers and failed to specify an official policy or custom that caused a constitutional violation. The district court correctly determined that without more, these allegations were insufficient to sustain either his claim for excessive force, *see Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007), or municipal liability, *see Darr v. Town of Telluride*, __ F.3d __ 2007 WL 2218882, at *10 (10th Cir. Aug. 3, 2007).

## II.

The district court's analysis was detailed, accurate, and complete. Thus, having reviewed the court's order, the record on appeal, the parties' materials, and the relevant legal authority, we affirm the district court's judgment for substantially the same reasons as those set forth in its order dated August 11, 2006.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-4-