**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 14, 2007**

**TENTH CIRCUIT**

STEVEN CORY HAWS,

      Petitioner - Appellant,

v.

JERRY JORGENSEN, Warden,

      Respondent - Appellee.

No. 05-4141
(D. Utah)
(D.Ct. No. 2:05-CV-274-DAK)

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Steven Cory Haws, a state inmate appearing *pro se*,[1] seeks a certificate of

appealability (COA) allowing him to appeal the district court's denial of his

---

[1] We liberally construe Haws' *pro se* pleadings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

petition for writ of habeas corpus under 28 U.S.C. § 2254.[2]  Because he has failed

to make "a substantial showing of the denial of a constitutional right" as required

by 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss his application.

## I. Background

In September 2000, Haws was charged in Utah state court with violating

Utah's Clandestine Drug Lab Act, UTAH CODE ANN. § 58-37d-4.  He filed two

motions to suppress the statements he made to Detective Nate Thompson on the

date of his arrest, arguing Detective Thompson gave incomplete *Miranda*

warnings and Haws did not knowingly, intelligently and voluntarily waive his

Fifth Amendment rights.  The state court denied both motions.  Haws proceeded

to trial, where he was convicted.  He was sentenced to not less than five years to

life imprisonment.  He filed a direct appeal, challenging the trial court's denial of

his motions to suppress.  The Utah Court of Appeals denied relief on May 15,

2003, and the Utah Supreme Court denied certiorari on October 30, 2003.  Haws

did not file any state petitions for post-conviction relief.

On March 30, 2005, Haws filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of

Utah alleging violations of his Fifth and Fourteenth Amendment rights arising out

of the state trial court's denials of his motions to suppress.  However, because the

_____

[2] We construe Haws' notice of appeal as a request for a COA.  FED. R. APP. P.
22(b)(2); *Hoxsie v. Kerby*, 108 F.3d 1239, 1241 (10th Cir. 1997)

petition was signed on March 20, 2005, the district court deemed it filed on that date pursuant to the prisoner mailbox rule. *See* Rule 3(d), Rules Governing § 2254 Cases. On April 25, 2005, the district court denied Haws' petition as untimely. The court concluded Haws' erroneous belief that the four-year statute of limitations for civil rights cases applied to habeas corpus petitions did not warrant equitable tolling.[3] Haws filed his notice of appeal on June 3, 2005.[4]

## II. Discussion

Unless we issue a COA, Haws may not appeal the dismissal of his § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). To make the requisite showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved

---

[3] *See Fratus v. DeLand*, 49 F.3d 673 (10th Cir. 1995) ("Utah's four-year residual statute of limitations, Utah Code Ann. § 78-12-25(3), governs suits brought under [§] 1983.").

[4] Haws never filed a request for a COA with the district court but did file a notice of appeal. "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1). The district court never ruled on the COA issue. We deem the district court's failure to issue a COA within thirty days after the filing of the notice of appeal as a denial of the certificate. 10TH CIR. R. 22.1(c). Moreover, while Haws' notice of appeal was filed more than thirty days after the district court's order denying his petition, *see* FED. R. APP. P. 4(a)(1)(A), because no separate judgment was entered, the time for filing an appeal did not begin to run until 150 days after the district court's order was entered in the civil docket (April 26, 2005), and his appeal is timely. FED. R. CIV. P. 58(a)(1), (b)(2); FED. R. APP. P. 4(a)(7)(A)(ii)

-3-

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). "When the district court denies a habeas petition on procedural grounds . . ., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

With these principles in mind, we have carefully reviewed the record and the district court's order. We agree Haws' § 2254 petition is untimely. In general, state prisoners have one-year from the date their convictions become final by the conclusion of direct review in which to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1)(A). Here, Haws' conviction became final on January 28, 2004,[5] and the one year period of limitations commenced the next day, January 29, 2004.

---

[5] Rule 13 of the Supreme Court Rules requires a petition for writ of certiorari to the United States Supreme Court to be filed within ninety days after entry of the lower court's judgment (in this case, ninety days after the Utah Supreme Court's denial of certiorari on October 30, 2003). Thus, Haws' state court conviction became final on January 28, 2004, when the time for filing a certiorari petition with the United States Supreme Court expired. This is true even though he did not file a certiorari petition. *See* 28 U.S.C. § 2244(d)(1)(A) (the one-year limitations period shall run from "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*") (emphasis added); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [§ 2244(d)(1)(A)], a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.").

Therefore, he had up to and including January 29, 2005, in which to file his § 2254 petition. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003). He did not file it until March 20, 2005. Thus, absent equitable tolling, his petition is untimely.[6]

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh*, 223 F.3d at 1220. "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id.* (quotations omitted). The district court correctly found Haws' belief that a longer statute of limitations applied to habeas corpus petitions did not excuse his late filing.

Haws' request for a COA is DENIED and his application is DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[6] Haws does not assert any statutory basis for tolling. *See* 28 U.S.C. § 2244(d).

-5-