**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STACY L. DENNIS; MICHAEL
HILL, for themselves and on behalf of
all others similarly situated,

     Plaintiffs - Appellants,

v.

WATCO COMPANIES, INC., a
corporation; RICHARD B. WEBB, an
individual,

     Defendants - Appellees.

No. 10-6079

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:08-CV-00469-C)**

---

Scott Brockman (Stanley M. Ward and Woodrow K. Glass of Ward & Glass,
L.L.P., on the briefs), Norman, Oklahoma, for Plaintiffs - Appellants.

Donald Munro (and James E. Gauch of Jones, Day; Robert D. Hart of Gibbs,
Armstrong, Borochoff, Mullican & Hart, P.C., Tulsa, Oklahoma, on the brief),
Washington, D.C., for Defendants - Appellees.

---

Before **KELLY**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

     Plaintiffs-Appellants Stacy L. Dennis and Michael Hill appeal from the

district court's dismissal of their complaint for overtime pay for hours worked in excess of forty per week.  <u>Dennis v. Watco Cos.</u>, No. CIV-08-469-C, 2010 WL 680882, at *2 (W.D. Okla. Feb. 25, 2010).  The issue is whether a corporate parent of a railroad subsidiary may be required to pay overtime wages to the railroad's employees under the Fair Labor Standards Act (FLSA) as a consequence of its alleged joint employer status with the railroad.  Our jurisdiction arises under 28 U.S.C. § 1291.  We answer the question in the negative and affirm.

Background

The FLSA, 29 U.S.C. §§ 201-219, generally requires payment of overtime after forty hours of work per week.  29 U.S.C. § 207(a)(1).  But the FLSA expressly exempts "any employee of an employer engaged in the operation of a rail carrier."  29 U.S.C. § 213(b)(2); <u>see</u> <u>Tews v. Renzenberger, Inc.</u>, 592 F. Supp. 2d 1331, 1337-39 (D. Kan. 2009) (providing an overview of the legislative history of the Rail Carrier Exemption).

Plaintiffs are (or have been) employed by nonparty railway carriers, both of which are owned and operated by Watco Transportation Services, which in turn is owned by Defendant-Appellee Watco Companies, Inc. ("Watco").  Aplt. App. at 14 (Complaint).  Watco is a privately held company with no corporate shareholders.  Defendant-Appellee Richard B. Webb is one of its owners.

- 2 -

Plaintiff Stacy L. Dennis was a track inspector for Stillwater Central Railroad ("SLWC"), and Plaintiff Michael Hill is a track foreman for the South Kansas and Oklahoma Railroad ("SKOR"). Aplt. Br. at 3-4. Plaintiffs sought declaratory and injunctive relief and damages in their own right as well as for members of a putative class of track inspectors and track foremen. Aplt. App. at 11, 23-24 (Complaint).

Plaintiffs assert that Watco is responsible for payment of overtime wages pursuant to the FLSA. Plaintiffs do not claim that they engage in "nonexempt" work. See 29 C.F.R. § 786.150. Rather, they claim that because Watco is "directly involved in employment decisions of SKOR and SLWC"; is "involved in policy-making; decision-making; directions; assignment; scheduling of work; and work practices"; and "jointly carr[ies] out rail service and related operations," Aplt. App. at 15, 19 (Complaint), Watco qualifies as a joint employer, individually and jointly liable for nonpayment of overtime wages to Plaintiffs. This argument can be parsed as follows: (1) Watco is not a rail carrier; (2) as a non-rail carrier Watco is not exempt under 29 U.S.C. § 213(b)(2) from payment of overtime wages; (3) Watco is a joint employer of Plaintiffs; (4) therefore Watco is liable for overtime wages under the FLSA.

The district court granted Watco's motion to dismiss, concluding that the plain language of the exemption precluded FLSA claims. Dennis, 2010 WL 680882 at *1. Because SKOR and SLWC were rail carriers, the court reasoned, it

- 3 -

was clear the Defendants were "engaged in the operation of a rail carrier." Id.

Plaintiffs' assertions regarding Watco's involvement in the management of the

railroads simply evidenced this fact, and, thus, the court concluded, Watco was

exempt from the FLSA's overtime provisions. Id. On appeal, Plaintiffs argue

that Watco, as a noncarrier joint employer, is not entitled to the exemption.

Discussion

We review the grant of a motion to dismiss a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6) de novo. Howard v. Waide, 534 F.3d 1227,

1242-43 (10th Cir. 2008) (citation omitted). To withstand a motion to dismiss,

Plaintiffs must include enough facts to "nudge[] their claims across the line from

conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination we accept as true all well-pleaded factual allegations

included in the complaint. Howard, 534 F.3d at 1243 (citation omitted).

Plaintiffs frame the issue at hand as a factual sufficiency question

concerning Watco's alleged joint employer status. See Aplt. Br. at 2. They

concede that they are not entitled to overtime wages from SLWC and SKOR. But

to withstand a motion to dismiss the Plaintiffs needed first to state a plausible

claim for overtime wages. This is a purely legal question. Because Plaintiffs

failed to state a claim for overtime wages, we conclude the district court properly

dismissed Plaintiffs' claim and do not reach their argument that Watco is liable as

- 4 -

a joint employer.

The relationship of railroad workers with their employers is governed by a series of statutes independent of those that apply to other industrial workers. Accordingly, 29 U.S.C. § 213(b)(2) provides that the overtime provisions of the FLSA do not apply to "any employee of an employer engaged in the operation of a rail carrier subject to part A of subtitle IV of Title 49." The applicable provision of Title 49, part of the Interstate Commerce Act, defines "rail carrier" as "a person providing common carrier railroad transportation for compensation." 49 U.S.C. § 10102(5). An "employee" under the Railway Labor Act ("RLA") "includes every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work defined as that of an employee or subordinate official in the orders of the Surface Transportation Board." 45 U.S.C. § 151. Section 213(b)(2) thus operates "to avoid duplication of Federal regulatory authority over the hours of employment of railroad workers" by limiting its exemption to employees of employers regulated by the Surface Transportation Board (previously the Interstate Commerce Commission). Tews, 592 F. Supp. 2d at 1338 (quoting Walling v. Rockton & Rion R.R., 54 F. Supp. 342, 347 (W.D.S.C.), aff'd, 146 F.2d 111 (4th Cir. 1944)). Therefore, if a person is in the service of an employer subject to the RLA and the person performs the work defined by the STB to be that of an employee, i.e., exempt work, the FLSA's overtime provisions do not

apply (unless, under 29 C.F.R. § 786.150, the employee performs a substantial amount of nonexempt work). In applying the FLSA we are guided by the principles that exemptions to the FLSA are to be narrowly construed, Clements v. Serco, Inc., 530 F.3d 1224, 1227 (10th Cir. 2008) (quoting Ackerman v. Coca-Cola Enters., 179 F.3d 1260, 1264 (10th Cir.1999)), and that the employer bears the burden of proving that particular employees fit within the terms of the relevant exemption. Id.

That the activities performed by Plaintiffs directly concerned transportation is not disputed. The complaint alleges that Plaintiffs are employees of SLWC and SKOR and that they both perform track work. Aplt. App. at 13 (Complaint). The parties also agree that the carriers by whom Plaintiffs are employed would not be subject to liability under the FLSA because they fall within the Rail Carrier Exemption. Id. at 16. We therefore conclude that Plaintiffs' argument is precluded by the plain language of the exemption. See Keele v. Union Pac. R.R. Co., 78 F. Supp. 678, 682-83 (S.D. Cal. 1948) ("Sec. 13(b)(2) of the Fair Labor Standards Act means exactly what it says . . . .").

Plaintiffs urge that the phrase "subject to" in the Rail Carrier Exemption modifies the term "employer" as opposed to "rail carrier." However, the Interstate Commerce Act unequivocally defines "rail carrier." 49 U.S.C. § 10102(5) ("'[R]ail carrier' means a person providing common carrier railroad transportation for compensation, but does not include street, suburban, or

- 6 -

interurban electric railways not operated as part of the general system of rail transportation.").  And it is undisputed that Plaintiffs are "employee[s] of an employer engaged in the operation of a rail carrier."  29 U.S.C. § 213(b)(2); see, e.g., Slavens v. Scenic Aviation, Inc., No. 99-4197, 2000 WL 985933, at *1 (10th Cir. July 18, 2000) (unpublished).

Plaintiffs also argue that a determination by the Railroad Retirement Board that Watco is not an "employer" under the Railroad Retirement Act and Railroad Unemployment Insurance Act compels the conclusion that Watco is not an "employer engaged in the operation of a rail carrier subject to part A of subtitle IV of Title 49."  29 U.S.C. § 213(b)(2); see Aplt. Br. at 15; Employer Status Determination, B.C.D. 03-20 (R.R. Ret. Bd. Feb. 24, 2003), http://www.rrb.gov/blaw/bcd/bcd03-20.htm.  To be precise, the Railroad Retirement Board determined that Watco was not a covered employer under the Railroad Retirement Act or the substantially similar provision of the Railroad Unemployment Insurance Act, defined as "(i) any carrier by railroad subject to the jurisdiction of the Surface Transportation Board under Part A of subtitle IV of title 49" or "(ii) any company which is directly or indirectly owned or controlled by, or under common control with, one or more employers as defined in paragraph (i) of this subdivision, and which operates any equipment or facility or performs any service (except trucking service, casual service, and the casual operation of equipment or facilities) in connection with the transportation of

- 7 -

passengers or property by railroad, or the receipt, delivery, elevation, transfer in transit, refrigeration or icing, storage, or handling of property transported by railroad." 45 U.S.C. § 231(a)(1)(i), (ii). But our application of the text is not in tension with this determination. Regardless of whether Watco is or is not a carrier, each Plaintiff is still an "employee of an employer engaged in the operation of a rail carrier." 29 U.S.C. § 213(b)(2).

Plaintiffs' allegation that "Watco can be viewed as under common control with SKOR, and with SLWC," Aplt. App. at 15 (Complaint), evokes the two-part test employed by the National Mediation Board for determining if a subject entity is a carrier subject to the RLA. The test queries (1) whether a subject company is controlled by or under common control with a carrier and (2) whether the company provides transportation-related services. E.g., Verrett v. SABRE Group. Inc., 70 F. Supp. 2d 1277 (N.D. Okla. 1999) (applying this test); see also Cunningham v. Elec. Data Sys. Corp., No. 06 Civ. 3530, 2010 WL 1223084 (S.D.N.Y. Mar. 30, 2010) (same). Given the fact that SKOR and SLWC are owned by Watco rather than vice versa, these cases are inapposite (and hardly favorable to Plaintiffs) because they involve circumstances in which a subject company and a carrier are owned by the same corporate holding company or a subject company is arguably under the control of a carrier. And, contrary to Plaintiffs' assertions, this case is distinguishable from one in which an employee works for a noncarrier as opposed to a carrier because Plaintiffs admit that they

work for SKOR and SLWC.  See Aplt. Br. at 30-32; Wabash Radio Corp. v.

Walling, 162 F.2d 391, 393 (6th Cir. 1947) ("While the radio employees are

technically employees of the railroad, in the performance of the work they are

100% employees of the appellant [non-exempt subsidiary of the railroad].").  In

this case, Plaintiffs admit not only that they work for carriers but also that they

perform STB regulated railroad work.

In light of the reasons outlined above, we conclude that Plaintiffs' claims

are precluded by the plain language of the FLSA.  Accordingly, we

AFFIRM.