**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY S. BROCK; JAY RICE,

     Plaintiffs - Appellants,

v.

GARY HERBERT; MARK L.
SHURTLEFF; FRANCINE A. GIANI, in
their official and individual capacities;
TONY TAGGART; WAYNE KLEIN, in
their former official and individual
capacities; KEITH M. WOODWELL;
GEORGE ROBISON, in their official and
individual capacities; STATE OF UTAH,

     Defendants - Appellees.

No. 10-4148
(D.C. No. 2:09-CV-01118-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

The Utah Division of Securities (DOS) investigated former Utah securities dealers

Henry Brock and Jay Rice (collectively Plaintiffs) which ultimately led to the revocation

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

of their securities licenses.  In response Plaintiffs brought this action in federal court.

They appeal from the district court's dismissal of their myriad claims against Utah

Governor Gary Herbert, Attorney General Mark Shurtleff, five employees of the DOS, in

their individual and official capacities, and the State of Utah (collectively "State

Defendants").  Plaintiffs' 42 U.S.C. § 1983 claims were dismissed for several sound legal

reasons and their state law claims were dismissed for failure to file a written notice of

claim, which, at the time, was a jurisdictional prerequisite under Utah law.  But while this

matter was pending on appeal, the Utah Supreme Court decided Utah's Governmental

Immunity Act does not apply to claims alleging state constitutional violations.  Therefore,

we must reverse the dismissal of the state constitutional claims.  We affirm the remainder

of the district court's decision.[1]  We remand for further proceedings regarding the state

law issue, fully recognizing the district court's discretion in exercising supplemental

jurisdiction.

## I.  BACKGROUND

The parties are well aware of the facts, which we will not repeat.  In basic form,

the Utah DOS initiated separate investigations of Rice and Brock's businesses.  The

investigations included an administrative search of Rice's office in March 2000 and a

search of Brock's office in October 2002.  Rice's securities license was revoked in April

2005.  Eventually, Brock entered into a settlement with DOS in 2006 whereby he

consented to the revocation of his license.  Brock and Rice filed their complaint against

the State Defendants on December 18, 2009, alleging numerous violations of the United

_____

[1] Our jurisdiction derives from 28 U.S.C. § 1291.

States and Utah Constitutions stemming from incidents related to the search of their offices and subsequent license revocations. The State Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The district court granted the motion, concluding all of Rice's claims and several of Brock's § 1983 claims were time barred. The remaining federal claims were dismissed based on Eleventh Amendment immunity, failure to allege an affirmative link between the alleged wrongful conduct and any constitutional violation, and failure to establish cognizable violations of the Fourth, Sixth, Eighth, Tenth, and Thirteenth Amendments. The state law claims were dismissed for lack of subject matter jurisdiction due to Plaintiffs' failure to first file a written notice of claim with the proper state entity.

## II. DISCUSSION

Plaintiffs raise numerous issues (15 to be exact), but even a generous reading of their briefs leaves only three requiring our consideration:[2] (1) whether the district court

---

[2] The remaining "issues" listed in Plaintiffs' opening brief are merely perfunctory allegations of error that "fail to frame and develop an issue" and are insufficient to invoke appellate review. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (insufficiently framed and developed issue waived on appeal); *see Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) (same) (quoting *Murrell*, 43 F.3d at 1389 n.2); *see also United States v. Beckstead*, 500 F.3d 1154, 1164-65 (10th Cir . 2007) (issue waived when discussion in brief limited to "two section headings, a single sentence in the brief's summary, and two phrases in [other] arguments" ); *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) ("This court . . . will not craft a party's arguments for him."). Specifically, Issues 7, 12, and 13 are simply bolded headings, nothing more. (Appellant's Br. at 41, 43-44.) Issues 8 and 10 consist of only a bolded heading and a list of constitutional amendments or statutory language. (*Id*. at 41, 43.) Issues 9, 11, and 14 contain brief conclusory arguments, with no analysis. (Id. at 42-44.) In addition, for the first time on appeal they appear to make an equal protection claim. (*See* Opening Br. at 20, 46-47.) Such a claim was not raised before the district court, and we decline to address it in the first instance. *See United States v. Jarvis*, 499 F.3d 1196, 1201 (10th

erred in dismissing the state constitutional claims due to Plaintiffs' failure to file a written

notice of claim as required by the Utah Governmental Immunity Act; (2) whether certain

§ 1983 claims were time barred; and (3) whether the State Defendants in their official

capacities were entitled to Eleventh Amendment immunity.

"We review the grant of a motion to dismiss a complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6) de novo." *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305

(10th Cir. 2011). We also review a dismissal for lack of subject matter jurisdiction under

Rule 12(b)(1) de novo. *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th

Cir. 2008).

A.      The Utah Governmental Immunity Act Does Not Apply to Claims Alleging State
        Constitutional Violations

The district court dismissed "all claims brought under the state constitution and all

state law claims with prejudice" because Plaintiffs did not file a written notice of claim

— which is a jurisdictional prerequisite to sue governmental entities and their employees

in Utah.[3] (R. at 111-12.) Subsequent to the district court's dismissal of Plaintiffs' state

---

Cir. 2007). Moreover, Plaintiffs do not specifically appeal from the dismissal of their
Fourth Amendment malicious prosecution claims or their claims under the Sixth, Eighth,
Tenth, or Thirteenth amendment. It also appears they are not appealing from the district
court's Order dismissing claims based upon lack of an affirmative link. Accordingly, we
do not address these issues.

[3] The pertinent provision of Utah's Governmental Immunity Act states:

> Any person having a claim against a governmental entity, or against its
> employee for an act or omission occurring during the performance of the
> employee's duties, within the scope of employment, or under color of
> authority shall file a written notice of claim with the entity before
> maintaining an action, regardless of whether or not the function giving rise
> to the claim is characterized as governmental.

law claims for failure to file a notice of claim, the Utah Supreme Court issued *Jensen v. Cunningham*, 250 P.3d 465 (Utah 2011). There, the court reaffirmed that "the Utah Governmental Immunity Act does not apply to claims alleging state constitutional violations." 250 P. 3d at 479. Accordingly, we now know the district court erred in dismissing the state law constitutional claims based on Plaintiffs' failure to file a notice of claim. *See Tiscareno v. Anderson*, No. 09-4238, 2011 WL 1549519 *1 (10th Cir. April 26, 2011) (vacating in part and revising on rehearing earlier decision at 2011 WL 971338) ("[W]e conclude that the Utah Supreme Court [in *Jensen*] meant precisely what it said . . . state law claim[s], alleging a violation of the Utah Constitution, [are] not barred by [a] failure to file a notice of claim.").[4] However, to the extent Plaintiffs' state claims alleging non-constitutional violations, such claims are barred. *See Hall v. Utah State Dep't of Corrs.*, 24 P.3d 958, 965 (Utah 2001).

B.      The District Court Did Not Err in Dismissing § 1983 Claims as Time Barred

The district court dismissed all of Rice's and some of Brock's § 1983 claims because it determined such claims were barred by the applicable statute of limitations. For § 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions. *See Bd. of Regents v. Tomanio*, 446 U.S. 478 (1980). "Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (citing *Arnold v. Duchesne*

Utah Code Ann. § 63G-7-401(2).

[4] Unpublished opinions are not binding precedent. 10th Cir. R. 32.1(A). We mention *Tiscareno* as we would an opinion from another circuit, persuasive because of its reasoned analysis.

*County*, 26 F.3d 982 (10th Cir.1994)). While state law governs the applicable statute of limitations, federal law determines when the claim accrues and when the limitations period starts to run. *Mondragón v. Thompson*, 519 F. 3d 1078, 1082 (10th Cir. 2008). Civil rights actions accrue "when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quoting *Fratus*, 49 F.3d at 675).

The district court concluded Rice's search claim (based on events in March 2000) and license revocation claim (based on an April 25, 2005 event), accrued "more than four years before he filed this lawsuit on December 18, 2009." (R. at 109.) In regards to Brock, the court determined his claims based upon an October 2002 search of his office were also outside the four-year statute of limitations, but his "claims against DOS pertaining to the Consent Order [signed in April 2006] [were] not time-barred." (*Id.* at 110.)

Rice and Brock concede some of the incidents occurred more than four years before they filed their claim but argue a different statute of limitations should apply or, in the alternative, the State Defendants' actions are "a **continuation** of the harassing events—all from the 'tainted' acquisition of evidence from years earlier, the illegal fruits of the unconstitutional search and seizure." (Opening Br. at 30.)

The district court correctly applied the four-year limitations period to the § 1983 claims. *See Fratus*, 49 F.3d at 675. Contrary to Plaintiffs' contention, limitation periods for other types of claims have no bearing on the issue. Their claims related to incidents occurring outside of the applicable four-year statute of limitations period were properly

- 6 -

dismissed. In addition, even if the continuing violation doctrine could be invoked in §

1983 actions,[5] it would nevertheless be inapplicable here. It applies only when incidents

"are sufficiently related and thereby constitute a continuing pattern" of wrongful conduct.

*Hunt*, 17 F.3d at 1266. The doctrine does not allow a plaintiff to challenge discrete acts

of wrongful conduct which occurred outside of the statute of limitations. *See Robinson v.*

*Maruffi*, 895 F.2d 649, 655 (10th Cir.1990). Later denials of Plaintiffs' applications for

insurance and real estate licenses and other alleged wrongdoing are entirely unrelated to

this suit, not repetitions of the same wrong.

C.    State Defendants in Their Official Capacities Are Entitled to Eleventh Amendment
      Immunity

The district court dismissed Plaintiffs' § 1983 claims against the State of Utah and

the other defendants sued in their official capacities because the claims were barred by

the Eleventh Amendment. It reasoned Utah had not waived its sovereign immunity, and

in addition, the individual defendants sued for damages were not "persons" under § 1983.

(R. at 111.) The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to
> any suit in law or equity, commenced or prosecuted against one of the
> United States by Citizens of another State, or by Citizens or subjects of any
> Foreign State.

Plaintiffs contend the Eleventh Amendment's "plain language" does not explicitly

---

[5] It appears we have never specifically held the continuing violation theory applies to claims brought under § 1983. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994); *Holmes v. Regents of Univ. of Colo.*, 176 F.3d 488, 1999 WL 285826, at *3 n.2 (10th Cir. 1999) (unpublished) (acknowledging this Court has not ruled on the issue of whether the continuing violations doctrine applies to § 1983 actions). Since it is inapplicable in any event we leave the ultimate question to another day.

bar suits by citizens against their home State, therefore, the State of Utah and individual defendants in their official capacities — "can be sued." (Appellants' Br. at 39, 40.) Plaintiffs' argument ignores well-settled law holding sovereign immunity as having an import beyond the Eleventh Amendment's plain terms. In *Hans v. Louisiana*, the Supreme Court held States are immune to suits by both their own citizens and by citizens of other States. 134 U.S. 1, 10-11, 15-21 (1890); *see Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity's primary purpose is to accord states the respect owed them as joint sovereigns."). Sovereign immunity, however, is not confined to suits in which a State is named as defendant, *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); state agencies partake in the State's immunity if they are "arms of the state," *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir.1993) (en banc) (quotations and citations omitted). Sovereign immunity also extends to state officials sued in their official capacities for retrospective monetary relief. *Edelman*, 415 U.S. at 676-77; s*ee, e.g., Tarrant Reg'l. Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008) ("The Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court."). In accordance with long standing precedent, the State of Utah and the individual defendants sued in their official capacities are immune by virtue of the Eleventh Amendment from Plaintiffs' § 1983 claims for damages.

The judgment of the district court is AFFIRMED in part and REVERSED in part,

and REMANDED to the district court for further consideration consistent with this order and judgment.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge